UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
MARIA PACHO,                                                   :
                                                               :
                Plaintiff,                                :  **OPINION AND ORDER**
  -v.-                                                         :
                                                               :  05 Civ. 10687 (CM) (GWG)
ENTERPRISE RENT-A-CAR, et al.,                                 :
                                                               :
                Defendants.                               :
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      This is an action for damages stemming from a hit and run accident with a vehicle allegedly driven by defendant Alberto Garcia and owned by defendant Enterprise Rent-A-Car Company/ELRAC, Inc. ("Enterprise"). Pacho now moves to remand this action to state court. For the following reasons, this motion is denied.[1]

I. BACKGROUND

      Following the filing of Pacho's complaint in New York Supreme Court, Enterprise removed the suit to federal court on the basis of diversity jurisdiction. See Notice to Federal Court of Removal of Civil Action From State Court, filed Dec. 22, 2005 (Docket #1) ("Removal Notice"). It is undisputed that Pacho is a New York domiciliary. See id. ¶ 5; Affirmation in Support of Motion to Remand to State Court, filed May 21, 2007 (Docket #32) ("Pl. Aff."), ¶ 5. Pacho contends that because Garcia is also a New York domiciliary, subject matter jurisdiction does not exist and the case should be remanded to state court. See Notice of Motion to Remand

---

[1] The Court concludes that it has jurisdiction to decide this motion pursuant to 28 U.S.C. § 636(b)(1)(A) based on the reasoning in Meier v. Premier Wine & Spirits, Inc., 371 F. Supp. 2d 239 (E.D.N.Y. 2005).

Case to State Court, filed May 21, 2007 (Docket #31); Pl. Aff.; Memorandum of Law in Support of Motion to Remand Action to State Court, filed May 21, 2007 (Docket #33) ("Pl. Mem."). Enterprise filed papers in opposition to the remand motion, see Memorandum of Law in Opposition of Plaintiff's Motion to Remand, filed June 12, 2007 (Docket #37) ("Def. Mem."), and Pacho submitted a reply, see Reply Affirmation in Support of Motion to Remand to State Court, filed June 21, 2007 (Docket #39) ("Pl. Reply.").

II. LAW ON DIVERSITY JURISDICTION

Diversity jurisdiction exists under 28 U.S.C. § 1332(a) for civil suits where the amount in controversy is greater than $75,000 and the parties are "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." Citizenship is determined by a party's "domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). Satisfaction of the diversity requirement is "determined as of the date that suit is filed." Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 62 (2d Cir. 1999). 28 U.S.C. § 1447(c) states that if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court.

"Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Palazzo ex rel. Delmage, 232 F.3d at 42 (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). "Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change." Id. To effect a change of domicile, "two things are indispensable: First, residence in a new domicil[e]; and, second, the intention to remain there." Id. (quoting Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377, 383 (1904)). To determine

2

domicile, "[a] court must consider the entire course of a person's conduct in order to determine the relevant intent." Korb v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 2006 WL 300477, at *1 (S.D.N.Y. Feb. 7, 2006).

> Factors that courts often consider include: voting registration and voting practices, location of real and personal property, location where taxes are paid, location of brokerage and bank accounts, driver's and other licenses, membership in churches, clubs, and associations, whether the person owns or rents his place of residence, and locations of the person's physician, lawyer, accountant, dentist, or stockbroker. A 'totality of the evidence' approach is called for, and no single factor is conclusive, although the residence of a married person's spouse and children (if the couple has not separated) is given considerable weight.

Id. (internal citations and quotation marks omitted); accord Chevalier v. USA Express Moving & Storage Inc., 2004 WL 1207874, at *1 (S.D.N.Y. June 2, 2004) ("Courts have looked at many factors including voting registration, driver's license registration, location of property, location of bank accounts, place of employment, and payment of taxes to determine whether a party has established a physical presence and intent to stay in a domicile.") (citing Weber v. Paduano, 2003 WL 22801777 at *6 (S.D.N.Y. Nov. 25, 2003)).

The determination of domicile is a matter of federal common law, not state law. See, e.g., Horton v. Bank One, N.A., 387 F.3d 426, 435-36 (5th Cir.), cert. denied, 546 U.S. 1149 (2004); Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr., 12 F.3d 171, 172 (10th Cir. 1993), cert. denied, 520 U.S. 1166 (1997); Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1030 (1st Cir. 1988); 15 James Wm. Moore, et. al., Moore's Federal Practice, § 102.34[3][a] (3d ed. 2007).

III. FACTS REGARDING GARCIA'S DOMICILE

While the parties questioned Garcia at a deposition, the testimony they elicited from him on the issue of domicile was sketchy and reflects large gaps in Garcia's personal history.

Garcia was born in the Dominican Republic on March 4, 1969. See Deposition of Alberto Garcia, dated Dec. 8, 2006 (attached as Ex. A to Def. Mem.) ("Pl. Dep."), at 4-5. He testified that "[w]hen I came to the United States I was small." Id. at 71. When asked when he moved to the United States, he responded "Back and forth. I never moved here." Id. at 5. In response to the question "So you were both living in [the] Dominican Republic and the United States?" Garcia responded "Yes." Id. at 5. He attended junior high school in Manhattan. Id. at 75. He had no schooling after that. Id. at 76.

In 1992 and 1996, Garcia pled guilty in New York State to various crimes. Id. at 14-16. He was released from prison in 1999. Id. at 16. Sometime subsequent to that release, he apparently returned to the Dominican Republic inasmuch as he testified that at some point following his release he "left the Dominican Republic" and "came back [to the United States] again." Id. at 16.

The accident at issue is alleged to have occurred on October 23, 2003 in New York. See Amended Complaint, dated Nov. 21, 2005 (attached at Ex. B to Removal Notice), ¶¶ 18-20. Garcia testified that he was arrested in March 2004 and indicated that he had been living in New York during the two years prior to that date. Pl. Dep. at 11.[1] Before that, however, he had been living in the Dominican Republic. Id. During the two-year period in New York prior to his arrest, he "was bouncing around from family's house to family's." Id. at 11; accord id. at 12; Ex. G to Pl. Aff. (was "bouncing in and out" of the address given to the police at the time of his

---

[1] Records provided by plaintiff indicate that Garcia was arrested in New York on a drug charge on December 5, 2003, see Transcript of Proceedings in Supreme Court, New York County, dated May 27, 2005 (attached as Ex. E to Pl. Aff), at 6-7, and that he was arrested again on September 22, 2004 for charges relating to the accident in this case. See Ex. G to Pl. Aff.

4

arrest). The last time he had a place to live in the New York metropolitan area was in 2003 when he rented a room for "a couple of months." Pl. Dep. at 9-10.

When asked where he was living at the time of his arrest, Garcia stated that he did not "have an address" and that he "wasn't situated." Id. at 8, 9. He also stated that the address he had given at the time of his arrest (on 170th Street in Manhattan) was that of his aunt and that he had been living with her "[f]or awhile, in and out." Id. at 72. Garcia is currently incarcerated at the Clinton Correctional Facility in Dannemora, New York, see Pl. Aff. ¶ 7, and is serving a 12 to 25 year prison term, see Pl. Mem. ¶ 3.[2]

Garcia said he has never held a job in the United States or the Dominican Republic. Pl. Dep. at 70-71. He is not a United States citizen. Id. at 71. At one time, he had a passport, id. at 71-72 – presumably from the Dominican Republic. He has never had his own apartment. Id. at 81-82.

IV. DISCUSSION

Given the exiguous information regarding Garcia's residence history, the question of which party has the burden of proof on the issue of Garcia's domicile is ultimately dispositive of the motion to remand. The general rule is that "'[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" Herrick Co. v. SCS Commc'ns Inc., 251 F.3d 315, 322-23 (2d Cir. 2001) (quoting Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998)); see also Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000) (party

---

[2] His imprisonment in New York, however, does not establish domicile here. See, e.g., Collazo-Portillo v. D'Avirro, 2007 WL 1614527, at *3 (D. Conn. May 29, 2007) (citing cases); Sash v. Schwartz, 2007 WL 30042, at *5 (S.D.N.Y. Jan. 4, 2007).

seeking removal to federal court bears the burden of demonstrating proper diversity jurisdiction). This rule would suggest that Enterprise has the burden of proving that Garcia's domicile is in a place other than New York.

On the other hand, the general rule regarding proof of a change in domicile is that a party "has the burden of proving the 'require[d] . . . intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality,' and must prove those facts 'by clear and convincing evidence.'" Palazzo ex rel. Delmage, 232 F.3d at 42 (quoting Katz v. Goodyear Tire & Rubber Co., 737 F.2d 238, 243-44 (2d Cir. 1984)).  Given that Garcia acquired the Dominican Republic as his domicile at birth, this rule suggests that Pacho has the burden of proving that Garcia acquired New York as his domicile.

The potential conflict between these two rules in a case such as this – that is, "where the allegation of diversity relies on [an] old domicile[] and the denial of diversity relies on [a] change[] in domicile" –  has been resolved by the Second Circuit.  Herrick, 251 F.3d at 323. After reviewing case law in this area, Herrick held that "the party invoking diversity jurisdiction continues to bear. . . the burden of persuasion in establishing [a] specific initial domicile[] that support[s] the existence of diversity jurisdiction (and from which the alleged change[] in domicile represent[s] a departure)." Id. at 324.  In other words, Enterprise bears the burden of persuasion with respect to Garcia's initial domicile – a task it has it has accomplished through the uncontradicted evidence that Garcia was born in the Dominican Republic.  See, e.g., Palazzo ex rel. Delmage, 232 F.3d at 42 ("Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change.").

Once such an original domicile is demonstrated, Herrick teaches that the opposing party "bear[s] the burden of proving that [the initial domicile] had been abandoned for" some other domicile. 251 F.3d at 324. Thus, Pacho bears that burden of proving that Garcia acquired a new domicile – in this case, New York.

Pacho has not come close to meeting her burden on this question. While Pacho contends that Garcia's deposition testimony shows "that he resided within the State of New York for at least two years prior to his arrest," Pl. Reply ¶ 5 (citing Pl. Dep. at 11-12), Garcia's residence is not the issue. Pacho has not shown that Garcia changed his domicile from the Dominican Republic by treating New York as "the place where [he] has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage, 232 F.3d at 42. Moreover, while Enterprise bears no burden on the question of change in domicile, Garcia's testimony affirmatively reflects that he never treated New York as his domicile. He testified that he "never moved" to New York; that he went "back and forth" between the United States and the Dominican Republic; that he had been living in the Dominican Republic prior to 2002; and that during the two years prior to his arrest in 2004, he was "bouncing around from family's house to family's," did not "have an address," and "wasn't situated." Pl. Dep. at 5, 8, 9, 11, 16. See generally Agee v. Bush, 1996 WL 914110, at *4-5 (D.D.C. Aug. 26, 1996) (domicile not established where party lived "nomadic" and "transient" lifestyle).

In sum, Pacho has not met her burden of proving Garcia changed his domicile from the Dominican Republic to New York.

7

CONCLUSION

For the foregoing reasons, Pacho's motion to remand to state court (Docket #31) is denied. The stay of discovery is vacated. The deadlines in the scheduling order of April 5, 2007 are each extended by 90 days.

SO ORDERED.

Dated: New York, New York
       September 18, 2007

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Dayton Peter Haigney, III
The Lincoln Building
60 East 42 Street, Suite 4700
New York, NY  10165

Robert S. Mazzuchin
Brand Glick & Brand, P.C.
600 Old Country Road, Ste 440
Garden City, NY  11530

James M. Carman
Stephanie Lauren Boden
Carman, Callahan & Ingham, LLP
266 Main Street
Farmingdale, NY  11735

## CONCLUSION

For the foregoing reasons, Pacho's motion to remand to state court (Docket #31) is denied. The stay of discovery is vacated. The deadlines in the scheduling order of April 5, 2007 are each extended by 90 days.

SO ORDERED.

Dated: New York, New York
       September 18, 2007

                                            GABRIEL W. GORENSTEIN
                                            United States Magistrate Judge

Copies sent to:

Dayton Peter Haigney, III
The Lincoln Building
60 East 42 Street, Suite 4700
New York, NY 10165

Robert S. Mazzuchin
Brand Glick & Brand, P.C.
600 Old Country Road, Ste 440
Garden City, NY 11530

James M. Carman
Stephanie Lauren Boden
Carman, Callahan & Ingham, LLP
266 Main Street
Farmingdale, NY 11735

8